The next case on our call today is agenda number four, number 131213, People, X, Rel, Trisha Smith, etc. versus Honorable C. Robert Tobin III. Now in this matter, we only have today a brief and an argument from the petition. Anton, are you prepared to proceed? Good morning, Your Honors, and may it please the Court, I am Assistant Attorney General Lauren Schneider representing the people in this original mandamus action. Respondent here imposed on defendant a sentence of 14 days with day-for-day credit to apply, but that sentence violates both the Illinois Vehicle Code and the County Jail Good Behavior Allowance Act, which I'll refer to as the Good Behavior Act. Accordingly, the people will ask this Court to enter a mandamus order directing respondents to vacate defendant's sentence and to resentence defendant in accordance with the good vehicle code and the good behavior act. Defendant here was convicted of driving with a revoked or suspended license for a third or subsequent time, and subsection 6-303-D-1 of the vehicle code states that any person convicted of a third or subsequent violation of this section shall serve a minimum term of imprisonment of 30 days or 300 hours of community service as determined by the Court. Your position is that statute doesn't give any discretion to the trial court judge? Your Honor, the statute gives discretion to impose either a term of imprisonment for 30 days at a minimum or discretion to impose a minimum of 300 hours of community service. So yes, there is discretion within those independent parameters. If the Court chooses to impose a jail term, then the defendant shall serve a minimum term of imprisonment of 30 days. This is a mandatory minimum term. Further, the Good Behavior Act states, in relevant parts, a person sentenced for an offense for which the law provides a mandatory minimum sentence shall not receive any portion of a good behavior allowance that would reduce the sentence below the mandatory minimum sentence. And coming into defendant's sentencing hearing, both defendant and the people agreed that if jail were to be imposed, then 30 days with no day-for-day credit or 60 days with day-for-day credit would be the appropriate minimum sentence. Both parties were agreed on that. Respondent, however, believed that he was bound by People v. Smith, an opinion of the Third District Appellate Court, wherein two justices concluded that where a sentencing statute, quote, grants the trial court discretion to impose community service as opposed to imprisonment alone, then, quote, there is no mandatory minimum and the Behavior Allowance Act is inapplicable. So respondent accordingly sentenced defendant to 14 days in county jail with day-for-day good behavior credit to apply. But this does not comport with the Vehicle Code's mandate that the defendant, quote, shall serve a minimum term of imprisonment of 30 days. And respondent was wrong to rely on Smith for three reasons. First, the Vehicle Code's language is clear and unambiguous. Second, the statements in Smith were mere dicta. They were neither precedential nor controlling. And third, Smith's conclusion on that issue was simply incorrect and it leads to absurd results. First, the Vehicle Code's language is clear and unambiguous. It states that a person, quote, shall serve a minimum term of imprisonment of 30 days. And this court has already construed a nearly identical phrase also from the Vehicle Code in the case People, X. Rel., Burkett v. Jorgensen in which this court stated that the phrase must serve a minimum term of imprisonment of 180 days was a, quote, mandatory minimum sentence for purposes of the Good Behavior Allowance Act. This court found that language was clear and unambiguous and that the plain and ordinary meaning of minimum term of imprisonment was, in fact, a mandatory minimum sentence. Although in Jorgensen that statute did not provide an alternative to imprisonment for that offense, the language is nevertheless very clear. After a respondent, the court, determined that a term of imprisonment was more appropriate than community service, then the court had no discretion to impose a term of imprisonment that fell below the 30-day minimum term. Turning to my second point, Smith's conclusion that when a sentencing statute provides community service as an alternative to prison, then there is no mandatory minimum term was mere dicta. This was not the reasoning on which that court relied to resolve the sentencing issue in that case. In that case, the defendant was convicted of resisting or obstructing a peace officer, and the relevant sentencing statute said that the sentencing court, quote, shall order any person convicted of the offense to be sentenced to a minimum of 48 consecutive hours of imprisonment or ordered to perform community service of not less than 100 hours. And that issue in that case was whether the court had wrongfully denied the defendant two days of credit for pretrial custody the defendant had served that was not consecutive. So the court ordered the defendant to serve 48 consecutive hours in jail, but did not grant pretrial custody credit because those hours were not consecutive. And the third district appellate court held that the relevant sentencing statute governing pretrial custody credit required that the court grant credit for each of those days spent in pretrial custody. So the court in Smith resolved the sentencing issue on those grounds and held that the trial court had complied with the sentencing statute's mandate when it did order defendant sentenced to 48 hours. It's just the pretrial custody credit also had to be applied. And two of the three justices agreed with this reasoning to resolve the issue. But a concurring justice, while he agreed with the outcome, would have resolved the question under the Good Behavior Allowance Act. So the justices in the majority opinion then explained why they did not agree with the concurring justice's reasoning because first of all, the Good Behavior Act had not been briefed nor brought up in any context to be considered and more in their opinion that alternative sentencing options meant that there was no mandatory minimum. So the act did not apply. But this conclusion did not affect the case's outcome and it is completely unnecessary to its holding, which again concerned credit for pretrial custody. The statement then is dicta and it was neither precedential nor controlling over respondent hearing. And finally, as respondent himself recognized, Smith's conclusion is simply incorrect and cannot be the proper construction of these statutes because it leads to absurd results. Smith's court, the court made that statement without analysis or citation to authority and it simply doesn't make much sense that just because a sentencing statute offers alternatives to imprisonment, then just simply the fact of alternatives would invalidate any specific independent parameters placed upon the prison alternative. It would in fact undo the classifications of crimes based on their sentences. It's a fairly common sentencing scheme that the General Assembly designates multiple sentencing alternatives according to different situations. And the fact of having those alternatives does not invalidate each of the independent requirements for each alternative, such as a mandatory minimum term of imprisonment when prison is one of the options. So for all these reasons, we would ask this court to enter a mandamus order directing respondent to vacate defendant's sentence and to resentence defendant in accordance with the Illinois Vehicle Code and the Good Behavior Act. Thank you very much, counsel. Thank you. This case, agenda number 4131213, people ex-rel, Trisha Smith, et cetera, v. IOC, Robert Tobin III, will be taken under advisory. Thank you again for your argument.